UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

DENNIS R. BAKER,

    Petitioner,

v.

LOVETT, Warden,

    Respondent.

Civil Action No. 6: 24-120-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In July 2022, this Court sentenced Dennis R. Baker to 90 months imprisonment – 60 months for conspiring to traffic in methamphetamine in violation of 21 U.S.C. § 846 and a consecutive 30-month term for possessing a firearm in furtherance of that crime in violation of 18 U.S.C. § 924(c). *See United States v. Baker*, No. 6:21-CR-26-REW-HAI-3 (E.D. Ky. 2021). Now serving his carceral term, the Bureau of Prisons has concluded that Baker is not eligible to receive any sentence credits under the First Step Act of 2018 ("FSA") in light of his Section 924(c) conviction. *See* [R. 1-1 at 13]. Baker now seeks habeas corpus relief pursuant to 28 U.S.C. § 2241, arguing that he is eligible to earn FSA credits for the 60-month portion of his sentence for violating Section 846.[1] *See* [R. 1 at 6-7].

The Court screens Baker's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The petition must be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

---

[1] Baker did not pay the required five dollar filing fee. He must still pay this amount notwithstanding the resolution of his petition, and the Court will order him to do so promptly.

The FSA permits most federal prisoners who participate in vocational classes and rehabilitation programming to earn credits that shorten their sentence. *See* 18 U.S.C. § 3632(d). But a prisoner convicted of a disqualifying offense cannot earn FSA credits. *See* 18 U.S.C. § 3632(d)(4)(A). Baker's firearm conviction is disqualifying, *see* Section 3632(d)(4)(D)(xxii), but his drug conviction under Section 846 is not. Because his sentence for the drug offense runs consecutively to that for his Section 924(c) conviction, Baker thinks he should be able to earn FSA credits during that 60-month period of incarceration. *See* [R. 1 at 6-7]. The BOP disagreed, noting that "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." [R. 1-1 at 13 (quoting 18 U.S.C. § 3584(c))].

The BOP is correct. Every court to have considered the question has held that Section 3584(c)'s aggregation language requires the BOP to treat a prisoner's sentences – whether imposed concurrently or consecutively, at one time or many, by one court or by several – as a single aggregate sentence for purposes of determining sentence credits under the FSA and similar statutes. *Cf. Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) ("[T]he district court did not err in denying Sok's petition, as the BOP correctly treated his prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits."). The Sixth Circuit has likewise explained:

> Keeling argues that aggregation under § 3584(c) "is for administrative purposes," not to prevent prisoners from earning time credits under the FSA for convictions that are not disqualifying under § 3632(d)(4)(D). But courts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, "are administrative functions of the BOP subject to § 3584(c)."

*Keeling v. LeMaster*, No. 22-6126, 2023 WL 9061914 (6th Cir. Nov. 22, 2023) (cleaned up), *affirming Keeling v. LeMaster*, No. 0:22-CV-96-GFVT, 2022 WL 17407966, at *2 (E.D. Ky.

2

Dec. 2, 2022). *See also Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (*per curiam*) (same); *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024) (same); *Ledford v. Lemaster*, No. CV 23-30-DLB, 2023 WL 2905376, at *3 (E.D. Ky. Mar. 28, 2023) (same).

Because Baker is serving a single aggregate sentence that includes a disqualifying offense, the BOP properly determined that he is statutorily ineligible to earn FSA credits.

Accordingly, it is **ORDERED** as follows:

1.  **Within twenty-one (21) days**, Baker must pay the five dollar filing fee to the Clerk of the Court.

2.  Dennis Baker's petition for a writ of habeas corpus [R. 1] is **DENIED**.

3.  This matter is **STRICKEN** from the docket.

Entered:  August 21, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY